TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiffs,*
*Cheryl and Brett Lyons*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cheryl and Brett Lyons, | Case No.: |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Thunderbird Collection Specialists, Inc. | |
| Defendant. | **JURY TRIAL DEMAND** |

1

NOW COME THE PLAINTIFFS, CHERYL and BRETT LYONS, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for their Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

1. The transactions and occurrences which give rise to this action occurred in the City of Scottsdale, Maricopa County, Arizona.

2. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

3. The Defendant to this lawsuit is Thunderbird Collection Specialists, Inc. which is an Arizona company and maintains its registered agent in the City of Scottsdale, in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

4. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff, Cheryl Lyons, to Christopher Brooks, a nurse, in the amount of $600.00.

5. Mrs. Lyons disputes that she owes this alleged debt. Prior to her surgery, which is the nature of this alleged debt, the medical professionals were all pre-approved by her insurance company, and once the pre-authorization was established, all outstanding amounts were paid out of pocket.

6. On or about November 22, 2013, Mr. and Mrs. Lyons received a demand letter from Defendant, attempting to collect the alleged debt.

7. On or about December 10, 2013, Mrs. Lyons sent a letter to Defendant disputing the alleged debt.

8. On or about February 10, 2014, Defendant sent a letter addressed to both Mr. and Mrs. Lyons, attempting to collect on the alleged debt without acknowledging Mrs. Lyons' previous dispute letter.

9. On or about March 17, 2014, Defendant sent a letter addressed to both Mr. and Mrs. Lyons, attempting to collect the alleged debt, again without acknowledging Mrs. Lyons' previous dispute letter.

10. On or about September 8, 2014, Mrs. Lyons sent another letter to Defendant, requesting clarification as to why she owed the alleged debt.

11. On or about September 15, 2014, Defendant sent a letter addressed to both Mr. and Mrs. Lyons, attempting to collect the alleged debt asking them to show proof of their income/debt ratio in order to qualify for a partial payment arrangement.

12. On or about December 11, 2014, Defendant sent Mr. Lyons a letter stating, "We recently received an inquiry on your credit rating because you were applying for a mortgage on a home. This unpaid collection is affecting your ability to borrow money. This unpaid collection must be paid in full in order for our office to be able to change the credit status."

13. Defendant proceeded to send more letters to Plaintiffs, attempting to collect the alleged debt on or about December 11, 2014, and May 5, 2015.

14. On or about March 19, 2015, Mrs. Lyons obtained her credit reports from Experian, Equifax, and Trans Union and noticed that the trade line placed by Defendant had no indication that the alleged debt was disputed, in violation of the FDCPA.

## COUNT I-VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiffs reincorporate the preceding allegations by reference.

16. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiffs are each a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

4

18. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a dispute debt is disputed.  Defendant did this when it sent Mr. Lyons a letter threatening him with credit reporting the alleged debt and not mentioning that it was disputed.  Defendant also did this when it placed the trade line on Mrs. Lyons' credit reports without reporting the word "disputed."

   b. 15 U.S.C. §1692e(10) by using any false representations or deceptive means to collect an alleged debt.  Defendant did this when it sent Mr. Lyons a letter stating that the only way the status of the trade line could be updated was if he paid the alleged debt in full.

   c. 15 U.S.C. §1692e2(A) by misrepresenting the character, amount, or legal status of any debt as Plaintiffs do not owe the alleged debt.

   d. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law as Mrs. Lyons paid for her surgery, which is the nature of the alleged debt, prior to the operation, and Plaintiffs do not owe this alleged debt.

5

20. The Plaintiffs have suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiffs request that the Court grant them the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.

DATED: June 8, 2015                                KENT LAW OFFICES


By: __/s/   Trinette G. Kent__
Trinette G. Kent
Attorneys for Plaintiffs,
Cheryl and Brett Lyons